UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| 56 ASSOC., A Rhode Island Limited Liability Partnership and 57 ASSOC., A Rhode Island Limited Liability Partnership, Appellants | : | |
| v. | : | Case No. 1:07-CV-00222-ML |
| JOSEPH M. DIORIO, CHAPTER 7 Trustee OF ARNOLD KILBERG, Appellee | : | |

MOTION FOR INSTRUCTIONS AND MEMORANDUM IN SUPPORT THEREOF

NOW COME the Appellants in the above-captioned matter and hereby seek instructions from this Court concerning their ability to commence discussions with representatives of Brown University ("Brown"), among other third parties yet to be determined, in connection with their collective undivided one-half interest in that certain real property located at 165 Angell Street, Providence, Rhode Island (the "Property").

In support of their motion, the Appellants respectfully submit that the instant motion has been necessitated by the need to ensure that there is not an appearance of impropriety concerning the Appellants' desire to engage in such communications with representatives of Brown concerning the Appellants' ability to gauge Brown's interest in purchasing either all or a portion of the Appellants' interest in the Property.

As this Court is aware, the Appellants' have taken an appeal from the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") from the Bankruptcy

Court's decision entering an order permitting the Appellee to market and attempt to sell the Property pursuant to 11 U.S.C. §363(h) (the "Appeal").[1]

The Appellants are not interested in advancing any particular argument concerning the Appeal in the instant pleading. What they are concerned about, however, is their ability to solicit whether Brown has a genuine interest in purchasing the Property. The instant motion is filed because the Trustee has, in prior hearings before the Bankruptcy Court, presented certain information in the form of exhibits evidencing Brown's interest in purchasing the Trustee's interest in the Property. However, upon further due diligence on Brown's part in determining its position on advancing its interest in purchasing the Property, Brown withdrew its interest in purchasing the Trustee's interest. Thereafter, Brown reinstituted its interest to the Trustee in purchasing the Property, subject to the Trustee's ability to transfer all its interests in the Property. The Bankruptcy Court held, following trial, that the Trustee would be permitted to convey title to all of the Property including, but not limited to the Appellants' interest.

The Property is situated adjacent to the 'compound' where Brown's nerve center and main campus buildings are located. In fact, the Property is landlocked between properties owned by Brown; specifically, the parcel property directly across the street from the Property is currently being developed for administrative buildings to be used by Brown.

The principals of the Appellants have had long-standing relationships with Brown that have involved, among other things, the transfer of title to certain real estate to Brown, one of

---

[1] The Appellee (also referred to as the "Trustee") and the Appellants hold all of the interests in the Property; the Trustee holds an undivided one-half (1/2) interest in the Property which each of the Appellants hold an undivided one-quarter (1/4) interest in the Property.

which parcels of real estate currently bears the name of the Appellants' principals. Notwithstanding the decision of the Bankruptcy Court (which is the subject of the Appeal), the Appellants would like the opportunity to ascertain whether there is sufficient interest in the Appellants interest in the Property which would perhaps enhance the purchase price of the Property as to each of the Trustee and the Appellants.

This past week, the Trustee was contacted by one of Appellants' counsel, who indicated that he was planning to schedule a meeting with representatives of Brown along with the Appellants' principals in order to gauge Brown's interest in purchasing the Property or a portion thereof. In response to counsel's point, the Trustee indicated that he was uncomfortable in granting counsel's request based upon any inference that could be reached by either this Court or the Bankruptcy Court concerning interference in the form of 'bid rigging', similar to events that beset the Bankruptcy Court in another proceeding approximately two years ago. Rather than face any 'broad brush' of intimidation/'bid rigging' concerning any offer by Brown to purchase the Property or any portion thereof, the Appellants, out of an overabundance of caution, hereby file the instant motion.

The old adage from freshman year property class that "land is unique" is not lost here in Rhode Island. See, Collins v. Sienkiewicz, No. WC/05-0459 (R.I. Super. Ct. July 7, 2006), available at: http://www.ribar.org06-ribar-75; Pucino v. Uttley 785 A.2d 183 (R.I. 2001); Griffin v. Zapata, 570 A.2d 659, 661-62 (R.I. 1990); Capital Properties, Inc. v. State of Rhode Island, 636 A.2d 319 (R.I. 1994). Notwithstanding the Bankruptcy Court's decision to permit the Trustee to market and sell all interests in the Property, the Appellants should not be forced to

cower in their ability to ascertain whether Brown, or any other third party for that matter, would have an interest in purchasing the Property.

Therefore, in light of the foregoing, the Appellants respectfully request that this Court schedule and conduct a hearing as soon as possible in order to permit the Appellants the scope by which they may seek to approach Brown concerning its interest in purchasing the Property.[2]

Respectfully Submitted,
Appellants,
By Their Attorneys,

/s/ William J. Delaney
William J. Delaney (#3643)
Richard A. Licht
Tillinghast Licht LLP
10 Weybosset Street, Suite 1000
Providence, RI 02903
(401) 456-1200; (401) 456-1210 (fax)
wdelaney@tllaw.com
rlicht@tllaw.com

Dated: July 7, 2007

[2] Upon information and belief, the Trustee has indicated to Appellants counsel that he expects to be in receipt of an offer to purchase the Property from Brown within the next week. The Appellants obviously want the ability to ascertain whether the purported offer by Brown is of the nature to support a reasonable offer for the Property. Again, not bringing the specifics concerning the Appeal to this pleading, the Appellants are concerned over the sufficiency of such an offer to purchase the Property given the particulars of what was (or was not) presented at trial by both the Trustee and the Appellants.

CERTIFICATION

I hereby certify that on the 7th day of July, 2007, a copy of the within Motion and Memorandum was caused to be sent either electronically through the CM/ECF system or by First Class Mail, postage prepaid to the following:

Joseph M. DiOrio, Esq.
55 Dorrance Street
Providence, RI 02903

/s/William J. Delaney

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;449254;1