UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| 56 Assoc., a Rhode Island Limited Partnership and 57 Assoc., a Rhode Island Limited Partnership,<br>Appellants,<br><br>v.<br><br>Joseph M. DiOrio, Chapter 7 Trustee of Arnold Kilberg,<br>Appellee. | Case No. 07-00222-RL |

**APPELLEE'S MOTION FOR ORDER APPROVING BID AND AUCTION PROCEDURES FOR SALE OF DEBTOR'S REAL ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 363(h)**

Appellee, Joseph M. DiOrio, Chapter 7 Trustee of the bankruptcy estate of Arnold Kilberg (the "Trustee") hereby respectfully moves this Honorable Court for an Order:

(a) Determining that it has jurisdiction over the Sale Motion or, in the alternative, withdrawing the reference to the Bankruptcy Court as to the Sale Motion;

(b) Approving Appellee's procedures to sell property pursuant to 11 U.S.C. § 363(h) as described and set forth herein (the "Sale Procedures");

(c) Approving the Notice of Sale in the form attached as Exhibit 1 and the service list as denoted in Exhibit 2;

(d) Establishing a procedure and deadline for the submission of higher and/or better offers and a concurrent deadline for filing objections to the sale (the "Bid/Objection Deadline"); and

(e) Scheduling a hearing date for a sale auction (the "Sale Auction").

In support of his Motion, the Trustee states the following:

**TRAVEL**

1. On June 14, 2007, an Order Granting Trustee's Request to Conduct a § 363(h) Sale (the "Order") was entered in the United States Bankruptcy Court for the District of Rhode Island authorizing the Trustee to sell property located at 165 Angell Street, Providence, Rhode Island (the "Property") free of the interest of the co-owners, Appellants 56 Assoc. LP and 57 Assoc. LP (collectively "56/57 Assoc."). A copy of the Order is attached as Exhibit 3.

2. No stay of the Order was obtained or sought by 56/57 Assoc.

3. On June 16, 2007, 56/57 Assoc. filed a Notice of Appeal with the Bankruptcy Court, appealing the Order authorizing the sale of the Property.

4. The Trustee has received an offer to purchase the Property for the sum of One Million Seven Hundred Thousand Dollars ($1,700,000.00) in cash from Brown University ("Brown") and holds a 7.5% deposit. The terms of Brown's offer to purchase are described in the Real Estate Purchase Agreement (the "Agreement") attached as Exhibit 4.

**PROPOSED SALE PROCEDURES**

5. The Trustee recommends the following procedures for the sale of the Property:

a. Any objections to the sale or higher and/or better offers shall be filed in writing with the Clerk, United States District Court at One Exchange Terrace, Providence, RI 02903 on or before the Bid/Objection Deadline. A copy of any objection or higher and/or better offer shall also be served upon the Trustee, Joseph M. DiOrio, Esq., Law Office of Joseph M. DiOrio, Inc., 10 Dorrance Street, Suite 1200, Providence, RI 02903.

b. To qualify as a higher and/or better offer, a bidder must, among other things:

i. Submit a written offer to purchase the Property;

ii. Submit a cash deposit of seven and one-half percent (7.5%) of the offer in the form of a certified or bank check made payable and delivered to the Trustee;

iii. Be able to execute and deliver a completed purchase and sale agreement at the conclusion of the Sale Auction without any conditions of closing relating to financing and on the same or better terms and conditions as set forth in the Agreement; and

iv. Produce documents satisfactory to the Trustee reasonably establishing the bidder's ability to complete the sale of the Property.

c. The Trustee will advertise the sale of the Property in the Providence Journal Bulletin Sunday Business section once prior to the Objection Deadline. A copy of the proposed advertisement of sale is attached hereto as Exhibit 5.

d. The Trustee will send a Notice of Intended Sale of Real Property, Deadline for Submitting Higher and/or Better Offers or Objections, and Hearing Date for Sale Auction ("Notice of Sale") as set forth in Exhibit 1 to all interested parties and all creditors of the estate of Arnold Kilberg as set forth in Exhibit 2. The proposed service list set forth in Exhibit 2 includes all creditors of the Kilberg estate, parties that have entered an appearance in the Kilberg bankruptcy proceedings styled *In re Arnold Kilberg*, Case No. 04-10632-ANV, and all parties that have indicated to the Trustee an interest in purchasing the Property.

e. If the Trustee receives a higher and/or better offer accompanied by the appropriate cash deposit, the Trustee will hold a Sale Auction at the courthouse or at such other location designated by the Court and may:

i. Consider all higher and/or better offers; and

ii. Determine the requirements for further competitive bidding.

f. If no higher and/or better offers are submitted to the Court and the Trustee by the Bid/Objection Deadline, and 56 Assoc. and 57 Assoc. each declines to exercise its §363(i) right, the Court may dispense with the Sale Auction and approve the sale to Brown.

g. By the Bid/Objection Deadline, each of 56 Assoc. and 57 Assoc. will be required to declare whether or not it desires the opportunity to exercise its right to purchase the Property pursuant to 11 U.S.C. §363(i) on the same terms as the highest bidder. If either 56 Assoc. or 57 Assoc. exercises its §363(i) rights, it shall be required to immediately provide the Trustee with a certified or bank check for seven and one-half percent (7.5%) of the bid price.

h. If either 56 Assoc. or 57 Assoc. submits a matching offer, other bidders shall be entitled to increase their offers and either 56 Assoc. or 57 Assoc., as applicable, shall again be entitled to exercise its §363(i) rights. This process shall continue until the highest bidder is determined.

i. If the successful bidder fails to complete the sale by the date required by the purchase and sale agreement approved by the Court, the deposit will be forfeited to the estate. The Trustee shall promptly provide notice to the next highest bidder, and to 56 Assoc. and 57 Assoc. if either entity matched the next highest bidder, to determine whether the next highest bidder or 56 Assoc. or 57 Assoc., as applicable, intends to purchase the Property. The next highest bidder, and/or 56 Assoc. and 57 Assoc., as applicable, shall within five (5) days submit written notice of their intention to the Court and the Trustee, accompanied by a certified or bank check payable to the Trustee for seven and one-half percent (7.5%) of the new offer. If any such party fails to submit timely written notice, the Court may, without further hearing, approve the

sale of the Property to the highest bidder that has submitted timely notice. If the next highest bidder and either 56 Assoc. and/or 57 Assoc. submits timely notice, the Sale Auction shall again proceed in accordance with subsection g.

j. Alternatively, the Trustee may sell the Property to the next highest bidder (or 56 Assoc. and/or 57 Assoc. if either entity matched the next highest bid) if the next highest bidder (or 56 Assoc. or 57 Assoc. if applicable) notifies the Trustee at the Sale Auction in writing that such bidder intends to be bound by the next highest bid in the event that the highest bidder fails to consummate the transaction. Under this alternative scenario, if the next highest bidder and 56 Assoc. and/or 57 Assoc. have each agreed to be bound at the Sale Auction in the event the highest bidder fails to consummate the transaction, the Sale Auction shall again proceed in accordance with subsection g.

k. If either 56 Assoc. or 57 Assoc. exercises its §363(i) rights and fails to complete the sale by the date ordered by the Court, the deposit will be forfeited to the estate and the Court may, without further hearing, approve the sale of the Property to the current highest bidder.

l. All bidders will take subject to the Trustee's right, with appropriate Court approval when required, to issue such extensions and modifications to the purchase and sale agreement with respect to the closing date as the Trustee deems appropriate.

**LAW AND ARGUMENT**

The Property is the last remaining substantial asset of the estate. Sale of the Property is critical to the Trustee's ability to wrap up the affairs of the estate. The Trustee has negotiated a Real Estate Purchase Agreement with Brown, a highly qualified purchaser. Undisputed evidence entered by both sides in the §363(h) trial before Judge Votolato established that there should be

substantial interest in the Property from other substantial purchasers interested in the East Side real estate market.

> An appellant is not obliged to seek a stay of the judgment pending appeal. "The only consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the bankruptcy court as final, notwithstanding that an appeal is pending. If the judgment awards money or property, it may be executed upon unless stayed; . . ." 9 *Collier*, § 8005.04, at p. 8005-06.

*See also In re Colarusso,* 382 F.3d 51, 61-62 (1st Cir. 2004) (party who failed to obtain stay unable to reverse §363(f) sale); *In re Lomagno,* 320 B.R. 473, 481-82 (B.A.P. 1st Cir. 2005) (to maintain *status quo* during appeal, party must obtain stay). A valid Order authorizing the sale of the Property by the Trustee was entered in the bankruptcy court and not stayed. In the absence of a stay, the Trustee should be permitted to proceed with the sale of the Property in accordance with the Sale Procedures.

This Court has jurisdiction to act on this Sale Motion because the Order of the Bankruptcy Court has been appealed to this Court, but not stayed. Filing a notice of appeal generally causes the lower court to lose jurisdiction over the subject matter of the appeal. *In re Whispering Pines Estates, Inc.*, 369 B.R. 752, 757 (B.A.P. 1st Cir. 2007). Bankruptcy courts can, however, retain jurisdiction over unrelated aspects of the case. *Id.* There is some authority for the proposition that a bankruptcy court retains jurisdiction over an appealed sale order in order to *implement*, but not *modify* the sale order. *In re Nance Hutter*, 221 B.R. 632, 642 (D. Ct. 1998) ("Although the court lacks jurisdiction to alter or amend an order which is on appeal, ... it retains the authority to implement or enforce previous orders absent a stay pending appeal."). To the extent that it might be determined that the Bankruptcy Court retains or shares jurisdiction over this Sale Motion, the Trustee asks this Court to withdraw its reference of this particular matter to the Bankruptcy Court and hear the Sale Motion itself.

This Court has authority under 28 U.S.C. §157(d) to withdraw this aspect of the case from the Bankruptcy Court. *Alfonseca-Baez v. Doral Financial Corp.*, 2007 U.S. Dist. LEXIS 72942, *8-10 (D.P.R. 2007); *Bessette v. Avco Financial Services, Inc.*, 279 B.R. 442, 448 (D.R.I. 2002). In evaluating whether to withdraw a reference, courts look at uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtor's and creditor's resources and expediting the bankruptcy process. *Doral,* at *9; *In re Almac's, Inc.*, 202 B.R. 648 (D.R.I. 1996). Here, these factors suggest that withdrawal is warranted. This Court is familiar with this estate generally, and there is no danger of confusion or unfamiliarity. Moreover, the appellants are likely to appeal any adverse decision on the Sale Motion from the Bankruptcy Court to this Court. Accordingly, hearing the motion in this Court in the first instance will both conserve the estate's resources and expedite the bankruptcy process. Expediting the process is important as Brown's offer contains time limits.

The Trustee's proposed Sale Procedures have been formulated to realize the highest possible value for both the estate's interest and the co-owners' interests by allowing all bidders to increase their bids if either co-owner opts to exercise its §363(i) rights to match a bid throughout the course of the Sale Auction. This process is consistent with the Bankruptcy Code §363(i) creating co-owners' match rights. Section 363(i) provides:

> *Before the consummation of a sale* of property to which subsection (g) or (h) of this section applies, ... the debtor's spouse, or *a co-owner of such property*, as the case may be, *may purchase such property at the price at which such sale is to be consummated* (emphasis added).

*See Goldberg v. South East Partners Corp. (In re Sturman)*, 222 B.R. 694, 703; 1998 Bankr. LEXIS 955, *27 (Bankr. S.D.N.Y. 1998) (court approved sale of §363(h) property to highest bidder after competitive bid process and sale auction); *In re Bruce H. Roswick*, 231 B.R. 843,

865; 1999 Bankr. LEXIS 297, *64-65 (Bankr. S.D.N.Y. 1999) (recognizing the competitive bid process in a §363(h) setting, the court ordered trustee to present §363(h) sale order to include a proposed date of sale, a provision for newspaper advertising, a schedule for showing the property to possible bidders at a bankruptcy auction, and bidding procedures).

*In re Fehl*, 19 B.R. 310, 312; 1982 Bankr. LEXIS 4403, *6 (Bankr. N.D. Cal. 1982) is particularly instructive with regard to balancing the competing rights and obligations of the trustee and his co-owners in a §363(h) sale. In that case, pursuant to court order, the trustee conducted a sealed bid auction sale of the commonly held property, fetching three bids ranging from $3,100,000 to $3,455,000. The court scheduled a hearing to confirm the sale to the high bidder, but before the hearing occurred, the co-owner exercised her §363(i) right to match the high bid. It turned out that the co-owner had entered into an agreement with one of the unsuccessful bidders to purchase the property from the co-owner for $3,600,000, which would benefit the co-owner in the amount of $145,000 at the expense of the estate. Several parties, including the trustee, objected to consummating the sale to the co-owner under the circumstances.

In resolving the matter, the court considered the integrity of the trustee's initial sale, the §363(i) rights of the co-owner and preservation of the best interests of the estate. The court determined that, to strike a proper balance between the rights of the co-owner and the fiduciary obligation of the trustee to the estate, it would not confirm the sale to the initial high bidder at the sealed bid auction sale, nor would it countenance the sale to the unsuccessful bidder purchasing through the co-owner. Instead, the court voided the co-owner's initial exercise of her §363(i) rights and ordered a newly advertised sale subject to overbid in court with the proviso that the

co-owner must exercise her §363(i) right in open court at the return of sale hearing and, if not so exercised, her §363(i) rights were waived.

Under the Trustee's proposed Sale Procedures, the price at which the sale will be consummated will not be determined until *after* the Sale Auction in accordance with §363(i). The Sale Auction will not be completed until each bidder, including each co-owner, has had a chance to increase its bid to its desired maximum offer. At the point when each non-owner bidder has made its maximum offer, each co-owner can decide whether to match the highest bid. The co-owners' §363(i) rights are thereby protected while allowing the Trustee to realize the greatest possible value for the estate.

WHEREFORE, the Trustee respectfully requests that this Court: (a) determine that it has jurisdiction over the Sale Motion or, in the alternative, withdraw the reference to the bankruptcy court as to the Sale Motion; (b) approve the Sale Procedures set forth in ¶5(a)-(l); (c) approve the Notice of Sale and Service List set forth in Exhibits 1 and 2 respectively; (d) schedule a Bid/Objection Deadline; (e) schedule a Sale Auction; and (f) grant such other relief as is just and proper.

Joseph M. DiOrio, Chapter 7 Trustee of
Arnold Kilberg
By his Attorney,

/s/ Joseph M. DiOrio

Joseph M. DiOrio (#2616)
Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903
(401) 632-0911 / Fax: (401) 632-0751
jmdiorio@dioriolaw.com
ghpalmer@dioriolaw.com

Date: October 30, 2007

**CERTIFICATION**

I hereby certify that on the 30th day of October, 2007, a copy of the within Appellee's Motion For Order Approving Bid And Auction Procedures For Sale Of Debtor's Real Estate Pursuant To Bankruptcy Code Section 363(h) was sent electronically through the CM/ECF system to: wdelaney@rc-law.com and rlicht@tllaw.com.

Notice was also provided to the individuals listed on the list attached hereto and labeled "Additional Served Parties".

/s/ Joseph M. DiOrio
Joseph M. DiOrio

# Additional Served Parties

Christine K. Bush
Duffy Sweeny & Scott
One Turks Head Place, Ste 1200
Providence, RI 02903

Patricia Antonelli
Partridge Snow & Hahn
180 South Main Street
Providence, RI 02903

Michelle Davenport
Harmon Law Offices, P.C.
P.O. Box 610389
Newtown Highlands, MA 02461-0389

William R, Grimm
Hinkely, Allen & Synder, LLP
28 State Street
Boston, MA 02109-1775

Stephen Izzi
Moses Alfonso Jackvony
170 Westminster Street, Ste 201
Providence, RI 02903

ustin Shay
Cameron & Mittleman
6 Exchange Street
rovidence, RI 02903

lr. Marshall Ruben
uben, Johnson & Morgan
9 Pearl Street
artford, CT 06103

Thomas E. Carlotto
Shechtman Halperin Savage
1080 Main Street
Pawtucket, RI 02860

Edward G. Avila
Roberts Carrol Feldstein & Peirce
10 Weybosset Street, 8th Floor
Providence, RI 02903

Leonard DePasquale
U.S. Trustee's Office
10 Dorrance St, Rm 910
Providence, RI 02903

Andrew S. Harmon
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461

Edward G. Lawson Jr.
260 Lonsdale Ave
Pawtucket, RI 02860

Thomas J. Walsh
Harmon Law Offices
P.O. Box 610389
Newton Highlands, MA 02461

Steven Lewenstein
P.O. Box 962003
Boston, MA 02196

Edward J. Bertozzi
Edwards & Angell, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

Charles S. Beal, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

William J. Delaney
Reavis Cianciolo, LLC
55 Dorrance St, Ste 200
Providence, RI 02903

Thomas Hemmindinger
Brennan, Recupero, et al
362 Broadway
Providence, RI 02909

Christopher Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

John E. Shekarchi, Esq.
132 Old River Road, Suite 103
Lincoln, Rhode Island 02865

Mr. Grant Sisler
Belveron R E Partners
750 Battery St. 7th Floor
San Francisco, CA 94111

Umberto Sorbo
11 Lauren Court
Cranston , RI 02921

Cheryl Asquino
Legal Counsel
Narragansett Bay Commission
1 Service Road
Providence, RI 02905

Lawrence L. Goldberg
92 Jefferson Boulevard
Warwick, RI 02888

Edward D. Feldstein
Roberts Carroll Feldstein & Peirce
10 Weybosset Street, 8th Floor
Providence, RI 02903

Department of Employment and Training
Attn: Legal
1511 Pontiac Avenue
Cranston, RI 02920

Stacey P. Nakasian
Duffy & Sweeney
One Turks Head Place, Suite 1200
Providence, RI 02903

Adam Robitaille
Roberts Carroll Feldstein & Peirce
10 Weybosset Street, 8th Floor
Providence, RI 02903

Merrill J. Friedemann
Freidemann & Associates
462 Broadway
Providence, Rhode Island 02903

Robert E. Bollengier
Robert E. Bollengier
Law Offices
3214 Post Road
PO Box 7617
Warwick, RI 02887

Douglas H. Smith
140 Reservoir Avenue
Providence, RI 02903

Arlene M. Embrey, Esq.
Office of General Counsel, 7th Floor
U.S. SBA
409 Third Street, S.W.
Washington, DC 20416

Brian Stern, principal agent for SBA
666 Eleventh Street, N.W. Ste 200
Washington, D.C. 20001