**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**56 ASSOC. and 57 ASSOC.**
**Appellants**

**vs.**

**JOSEPH M. DIORIO, CHAPTER 7 TRUSTEE OF ARNOLD KILBERG**
**Appellee**

**C.A. 1:07-CV-00222-L**

**ON APPEAL** From The United States Bankruptcy Court For The District of Rhode Island

# BRIEF OF APPELLANTS

Richard A. Licht (# 0657)
Tillinghast Licht LLP
10 Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1225; Fax: (401) 456-1210
rlicht@tllaw.com

William J. Delaney (#3643)
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, Rhode Island 02903
Tel: (401) 272-5520; Fax: (401) 272-5501
wdelaney@rc-legal.com

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | i |
| I. | STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION | 1 |
| II. | STATEMENT OF ISSUE | 1 |
| III. | STATEMENT OF THE CASE | 1 |
| IV. | SUMMARY OF ARGUMENT OF APPELLANTS | 2 |
| V. | ARGUMENT OF APPELLANTS | 3 |
| VI. | CONCLUSION | 10 |
| VII. | RESERVATION OF RIGHT OF APPELLANTS TO FILE SUPPLEMENT TO BRIEF | 10 |
| VIII. | CERTIFICATE OF COMPLIANCE WITH RULE 32(a) | 10 |

# TABLE OF AUTHORITIES

## FEDERAL AND STATE STATUTES, RULES AND REPORTS

| | |
|---|---|
| 11 U.S.C. § 363(e) | 8 |
| 11 U.S.C. § 363(h) | passim |
| 28 U.S.C. § 157 | passim |
| 28 U.S.C. § 158(a)(i) | passim |
| 28 U.S.C. § 1334(a) | passim |
| R.I. Gen. L. § 34-36.1, et seq. | passim |

## CASES


| | |
|---|---|
| In re Belyea, 253 B.R. 312 (Bankr. D.N.H. 1999) | 4, 5 |
| In re Batten, 149 B.R. 899 (Bankr. W.D. La. 1992) | 4, 5 |
| In re van der Heide, 219 B.R. 830 (8th Cir. BAP 1998) | 5 |
| In re Calumet Farms, Inc., 150 B.R. 664 (Bankr. E.D. Ky. 1992) | passim |


## BOOKS, PAMPHLETS, TREATISES


| | |
|---|---|
| 3 Collier on Bankruptcy ¶363.05 (15th ed. rev. 1998) | 4 |
| 3 Collier on Bankruptcy, ¶363.05 (1) (15th ed. rev. 1998) | 8 |
| 3 Collier on Bankruptcy, ¶363.05 (2) (15th ed. rev. 1998) | 8, 9 |
| William L. Norton, Jr., Bankruptcy Law and Practice, 4, 8 § 37:26 (2nd ed. 2007) | 9 |
| Webster's II New College Dictionary (Houghton Mifflin Co. 2001) | 5 |

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Appellants 56 Assoc., a Rhode Island limited liability partnership and 57 Assoc., a Rhode Island limited liability partnership, respectfully assert that within the relevant appeals period under the United States Bankruptcy Rules, they filed their appeal to the Judgment Order of the United States Bankruptcy Court for The District of Rhode Island (the "Bankruptcy Court"), dated June 14, 2007 (the "Judgment Order") and elected to 'opt out' of appealing the Judgment Order to the United States Bankruptcy Appellate Panel for the First Circuit by filing their appeal before the United States District Court for the District of Rhode Island. Jurisdiction lies in United States Code, Titles 11, 28 U.S.C. §§ 157, 158(a)(i) and 1334(a).

## STATEMENT OF ISSUE

Did the Bankruptcy Court err in Granting the relief requested in the Appellee's Complaint?

## STATEMENT OF THE CASE

A. Nature of the Case

Appellants appeal the Judgment Order to this Court from the Bankruptcy Court to permit the sale by the Appellee of all of the interests to 165 Angell Street, Providence, Rhode Island (the "Property"), under 11 U.S.C. §363(h).

B. Statement of Facts

Appellants refer this Court to the Joint Pretrial Order dated April 23, 2007 filed with the Bankruptcy Court. In addition, the Appellants refer this Court to the Order Granting Trustee's Request to Conduct a Section 363(h) Sale, dated June 14, 2007 (the "Decision"); the Decision was issued following trial. In the Decision, the Bankruptcy Court made four findings:

1. "Given the significant negative impact the condominium conversion would have on the value of the property, I find that route is not a reasonable alternative and the first element of Section 363(h) is resolved in favor of the Trustee." Decision, at p.3.

2. "Based upon the Brown University experience, together with the absence of any other offers for a fractional share, I find the value of the estates one-half interest in this property is less than $650,000." Decision, at p.4.

3. "Based upon the entire record in this lengthy and contentious dispute, I find that the benefit of a sale of the entire Angell Street property as a single entity will outweigh the harm, if any, to the co-owners." Decision, at p.5.

4. "Finally, as to the fourth element, the parties stipulated in the Joint Pre-Trial Order that: "The Property is not used in the production, transmission, or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power." " Id.

**SUMMARY OF ARGUMENT OF THE APPELLANTS**

Despite maximum efforts exerted by both the Appellants and the Appellee before the Bankruptcy Court during the multi-day trial, the Bankruptcy Court erred in its conclusion permitting the Appellee to sell all of the rights, title and interest to the Property, subject to future orders. The Appellants will establish that the Bankruptcy Court failed to comply with the procedural requisites as set forth in 11 U.S.C. §363(h) in order to arrive at its conclusion that the Appellee could sell all of the rights, title and interests in and to the Property. By failing to comply with the predicates set forth in 11 U.S.C. §363(h), the Bankruptcy Court could not authorize the Appellee's request to sell the Property.

Further, the defects with the Judgment Order deprive the Appellants of adequate protection of their ownership interest in the Property under 11 U.S.C. § 363(e) for the failure by the Bankruptcy Court to place a sale value on the Property. The Appellants face this uncertainty separate and apart from the impact of the Judgment Order as to their ownership interest in the Property.

On equitable grounds, the Bankruptcy Court erred in considering the impact and magnitude of depriving the Appellants their continuing interest in the Property. The Decision effectively stripped the Appellants of their right to continue to hold all of their undivided one-half interest to the Property in order to benefit the debtor's bankruptcy estate. The Appellants have held title to an undivided one-half interest in the Property collectively for some twenty (20) years now and have enjoyed the enhancement of the appreciation of the equity accruing therefrom. The draconian effect of the entry of the Judgment Order leaves the Appellants with no continuing interest in the Property plus a sizeable tax liability without any else to show for it. On equitable grounds alone, the Judgment Order should be reversed.

Following a review of the Brief, the Appellants believe this Court will conclude with them that the Judgment Order of the Bankruptcy Court be reversed; allow the Appellee to continue to market his one-half interest in the Property while leaving the remaining undivided interests of the Appellants alone.

## ARGUMENT OF APPELLANTS

A. The Bankruptcy Court was correct in reconciling the Appellees request to sell the Property under 11 U.S.C. §363(h).

With certain limitations, 11 U.S.C. §363(h) permits the sale of both the Debtor's interest and the interest of any co-owner in property. See, In re Belyea, 253 B.R. 312, 314 (Bankr. D.N.H. 1999); 3 Collier on Bankruptcy, ¶363.05 (15th ed. rev. 1998) (hereinafter, "Collier" ); In re Batten, 149 B.R. 899, 905 (Bankr. W.D.La. 1992).

11 U.S.C. §362(h) states in pertinent part:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if-
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

The Appellee, in commencing the adversary proceeding with the Bankruptcy Court, asserted that pursuant 11 U.S.C. §363(h), in the interest of the debtor's bankruptcy estate, he should have the authority to sell the entire interests in the Property. The Appellants agree that 11 U.S.C. §363(h) is controlling on the sale issue; however, they contend the particular findings in the Decision were flawed, depriving the Appellee of his right to sell all of the interests in the Property, as set forth below.

B. While partition of the Property was impractical under 11 U.S.C. §363(h), the definition of impracticable, as borne out at trial, was in fact faulty as the Property could be legally condominiumized. Therefore, the first requirement of 11 U.S.C. § 363(h) has not been met and the Appellee's request to sell all of the interests in the Property should have been denied.

Impracticable is defined as "not capable of being done or carried out". Webster's II New College Dictionary (Houghton Mifflin Co. 2001). The Property is capable of being condominiumized; it can be partitioned, thereby obviating the need for its sale under 11 U.S.C. §363(h)

The Property is improved by a building housing three commercial entities as well as several residential apartment units. Condominiums are legal in Rhode Island; this topic was the subject of testimony by each of the parties' real estate experts. See, R.I. Gen. L. §34-36.1, et seq. While there may be (and continues to be) a dispute between the Appellee and the Appellants concerning the feasibility of fashioning a plan to condominiumize the Property, there is no doubt that the Property may be condominiumized.[1]

If the Property may be partitioned through condominiumizing it, then there is a practical alternative for the disposition of the Property other than its sale under 11 U.S.C. §363(h). Therefore, further 11 U.S.C. §363(h) analysis is unnecessary. Batten, at 905; Belyea at 315; In re van der Heide, 219 B.R. 830, 836 (8th Cir. BAP 1998). Appellants urge that this Court remand

---

1 Each of the parties' experts, upon examination, admitted the Property could be condominiumized, although Appellee's expert thought the condominiumization of the Property was impractical and would not opine as to a value of a condominiumized version of the Property. The expert of the Appellants testified as to his approach of valuing the Property as a condominium.

the matter for the Bankruptcy Court to conduct partition proceedings and to reverse that part of the Decision authorizing the Appellee to market and sell the Property.

C. The Bankruptcy Court's failure to place a specific value of the Property is contrary to the analysis under 11 U.S.C. §363(h) and leaves the Decision, and specifically, the Appellee's request for relief, in the lurch.

As previously recanted in the Appellant's Summary of the Argument, the Bankruptcy Court found the value of the estate's one-half interest in the Property in an amount less than Six Hundred Fifty Thousand Dollars. Decision, at 4. There is a significant problem with the Bankruptcy Court's finding insofar as it does not procedurally comport with 11 U.S.C. §363(h). Testimony presented at the trial by both parties presented ranges of value up to Two Million Two Hundred Thousand Dollars at the high end and approximately One Million Seven Hundred Thousand Dollars at the low end. Yet, the Bankruptcy Court did not make a specific finding concerning the value of the Appellees interest in the Property in the Decision.

The issue of value and the calculation of same was critical in an asset of a Debtor who had four hooves. In the case of In re Calumet Farms, Inc., 150 B.R. 664 (Bankr. E.D.Ky. 1992), the Chapter 11 Debtor commenced an adversary proceeding seeking permission to sell a thoroughbred stallion free and clear of interest of co-owners. At trial, the interest of the stallion was the subject of appraisal testimony and in its decision, the Honorable Joe Lee, Chief Judge, held that it was possible to calculate a minimum sales price of the stallion. Id., at 674.

The court in Calumet Farms issued a decision which painstakingly detailed the process of determining the value of the interest in the stallion. Here, the parties at trial put forth an extensive amount of testimony by their respective appraisers concerning the value of the

Property. Notwithstanding the extensive testimony, the Bankruptcy Court did not arrive at a specific 'finding' consistent with case law interpreting 11 U.S.C.§363(h). As a result of the Bankruptcy Court's shortcomings on finding a value for the Property, the Decision should be reversed.

D. The Bankruptcy Court's failure to establish a value for the Property is fatal to its determination that the sale of the entire interest in the Property by the Appellee outweighs the detriment to the Appellants of eliminating their collective one-half interests in the Property.

The Bankruptcy Court found that the benefit of a sale of the entire Property as a single entity will outweigh the harm, if any, to the co-owners. Decision, at 5. The Bankruptcy Court concluded that from the testimony adduced at trial, the Appellee had easily met his burden involving the third element of 11 U.S.C. §363(h). Id. However, the Decision reflects the Bankruptcy Court's discussion on the fallout from the sale of the Property's interest in its entirety as to the capital gains treatment that would beset each of the Appellants. Id. The Appellants respectfully submit that the proper analysis of the third element of 11 U.S.C. §363(h) was not met by the Bankruptcy Court and as a result, should be reversed.

The issue to be resolved as to the benefit factor under 11 U.S.C. §363(h) is whether the benefits of the bankruptcy estate of the sale is significant. See, Calumet Farms, at 675. Judge Joe Lee wrote:

> "Once it is established that the benefit to the estate of a sale is significant and further that the benefit to the estate "outweighs" the detriment to the co-owners, there is no further requirement that the benefit to the estate must exceed the detriment to the co-owners significantly as well."

Congress could have mandated that the benefit to the estate must exceed the detriment to the co-owners by a significant amount but chose instead to require only that the benefits the estate must "outweigh" the detriment in order to tip the scales in favor of a sale. Id. Under the language of the Code, a sale that results in a considerable or substantial detriment to co-owners is permissible so long as the benefit to the estate outweighs that detriment. Id. Respectfully, the Bankruptcy Court did not perform this analysis as set forth in Calumet Farms. Again, the Bankruptcy Court did not establish the predicate to advance this analysis - the value of the Property - as it had deemed its value less than Six Hundred Fifty Thousand Dollars. Had the Bankruptcy Court been concise in arriving at a value for the Property and then followed the analysis set forth in Calumet Farms as to the benefit/detriment of the requested sale of the Property, the Appellants would have a more difficult road to overcome on appeal. However, the Decision does not comport with the analysis required under 11 U.S.C. §363(h) and therefore, must be reversed.

E. The Decision deprives the Appellants' rights to adequate protection in the Property pursuant to 11 U.S.C. §363(e).

The traditional setting for the application of 11 U.S.C. §363(e) is that of the debtor-creditor relationship when the debtor is in a bankruptcy proceeding. See, Collier, at ¶ 363.05(1). The requirement of adequate protection in §363(e) is mandatory. Id., at ¶363.05(2).

The pressing question raised from the Decision is how will the Appellants be adequately protected as a result of the Decision to permit the Appellee to sell all of the interest in the Property. More specifically, at what price will the Appellants be deprived of their adequate protection in the Property as provided under U.S.C. §363(e). Respectfully, the Appellants submit

that the Decision deprives the Appellants of adequate protection of their individual undivided one-half interests in the Property.

In Calumet Farms, the Honorable Joe Lee established a minimum effective sales price for the stallion following extensive testimony was presented on valuation. This price effectively provided the benchmark for the non-debtors' adequate protection of their interests in the stallion. At trial, extensive testimony was presented concerning the value of the Property from both parties' experts (with a range of approximately Five Hundred Thousand Dollars between them). The Bankruptcy Court did not provide a minimum 'upset price' for the Trustee to further market and sell the Property as set forth in the Decision (and Calumet Farms); therefore, one can only conclude that the Appellants, at this juncture, are not adequately protected on their undivided one-half interest in the Property. If adequate protection cannot be offered to the Appellants, such use, sale or lease of the Property must be prohibited. See, Collier, at ¶363.05(2); William L. Norton, Jr., Bankruptcy Law and Practice §37:26 (2nd ed. 2007).

F. The Bankruptcy Court failed to take into account balancing the equities of the Appellees request to sell the Property.

This Court has previously heard the famous quotation of a famous American, Will Rogers: "Buy land. They ain't making any more of this stuff." This quotation should not be lost on this Court. There is a significant reason why the Property has been owned by the parties for over twenty years; it has a tremendous upside, which upside has been appreciating for many years now. There is more than likely only one 'end user' for the Property - Brown University. However, at this juncture, the Appellants have no incentive to convey their interest to Brown University at whatever price. At some point in the future, the Appellants may have an interest in placing their undivided one-half interest in the Property for sale - but not at this time.

Further, there is no 'replacement' property of comparable value for the Appellants to explore purchasing. But seriously, should the Appellants be forced to even consider seeking an alternative investment option based upon the extreme flaws of the Decision. Particularly when the Decision is faulty, the Appellants conclude that there is no need to consider alternative investment opportunities.

Appellants have presented several arguments herein that respectfully will, with this Court's order, result in the matter being remanded to the Bankruptcy Court with instructions to comply with the analysis of the provisions of 11 U.S.C. §363(h), or, alternatively, to deny the request to sell the entire interest in the Property. However, regardless of the remand to the Bankruptcy Court, the Appellants believe that on equitable grounds there is a persuasive argument to reverse the Decision.

## CONCLUSION

For the reasons set forth above, the Appellants respectfully request that the Judgment Order be reversed.

## RESERVATION OF RIGHT OF THE APPELLANTS TO FILE SUPPLEMENT TO BRIEF

The Appellants reserve the right to supplement their brief should events so warrant.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

*Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style requirements*

1. This brief complies with the type-volume Limitation of Fed. R. App. P. 32(a)(7)(B) because this brief uses a monospaced typeface and contains 385 number lines of text.

2. This brief complies with typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a

monospaced typeface using the WordPerfect 9.0 program with 12 characters per inch in Times Roman type style.

APPELLANTS
By their Attorneys,

/s/ Richard A. Licht

Richard A. Licht (#0657)
Tillinghast Licht LLP
10 Weybosset Street
Providence, Rhode Island 02903
(401) 456-1200; (401) 456-1210 (FAX)
rlicht@tllaw.com
Dated: November 2, 2007

/s/ William J. Delaney

William J. Delaney (#3643)
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, Rhode Island 02903
(401) 272-5520; (401) 272-5501 (FAX)
wdelaney@rc-legal.com
Dated: November 2, 2007

CERTIFICATION

I hereby certify that on this 2nd day of November, 2007, a true and accurate copy of the within Brief was filed electronically with this Court and to the following using the CM/ECF System: Joseph M. DiOrio, Esq. and Gardner J. Palmer, Jr., Esq.

/s/ William J. Delaney

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;454080;1