UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| 56 ASSOC., A Rhode Island Limited Liability Partnership and 57 ASSOC., A Rhode Island Limited Liability Partnership, Appellants | : | |
| v. | : | Case No. 1:07-CV-00222-RL |
| JOSEPH M. DIORIO, CHAPTER 7 Trustee OF ARNOLD KILBERG, Appellee | : | |

APPELLANTS' OBJECTION TO APPELLEE'S MOTION FOR ORDER APPROVING BID AND AUCTION PROCEDURES FOR SALE OF DEBTOR'S REAL ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 363(h) AND SUPPORTING MEMORANDUM

NOW COME the Appellants in the above-captioned matter, and hereby object to the Appellee's Motion for Order Approving Bid and Auction Procedures for Sale of Debtor's Real Estate Pursuant to Bankruptcy Code Section 363(h), dated October 30, 2007 (the "Motion").

PRELIMINARY STATEMENT

The Appellants have reviewed the Motion and counsel to the Appellants has spoken with counsel to the Appellee within the past week concerning, among other things, paragraph 5h. of the Motion.

Paragraph 5h. states:

> "If either 56 Assoc. or 57 Assoc. submits a matching offer, other bidders shall be entitled to increase their offers and either 56 Assoc. or 57 Assoc., as applicable, shall again be entitled to exercise its §363(i) rights. This process shall continue until the highest bidder is determined."

Respectfully, following review of the Motion and conversations with counsel, the Appellants believe that paragraph 5h. of the Motion is directly in contradiction to 11 U.S.C. §363(i).

ARGUMENT

11 U.S.C. §363(i) states:

> "Before the confirmation of a sale of property to which subsection (g) or (h) of the section applies, …,or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated."

In the attempt to avoid possible vagaries of 11 U.S.C §363(i), the co-owner of the property which is to be sold under §363(h) holds a 'right of first refusal.' See, 3 Collier on Bankruptcy ¶363.08 [7] (15th ed. 2001). Therefore, once the price is set, the co-owner may elect to purchase the property in place of a third party bidder. Id.

The Appellants were taken aback in reviewing the Motion, and particularly paragraph 5h. therein, concerning the Appellee's apparent position that the spirit of 11 U.S.C. §363(i) should be abrogated in otherwise categorizing the Appellants as bidders of the Property. Nevertheless, the Appellants are bound to filing their objection to the Motion because of its incongruity with 11 U.S.C. §363(i) and in light of this Court's prior comments concerning the Appellants' right of first refusal of the Property.[1]

Although the term 'consummation price' is left undefined under the Bankruptcy Code, the purpose of 11 U.S.C §363(i) is to give co-owner of property the right to purchase the

[1] On September 26, 2007, this Court conducted a hearing on the Appellants' Motion for Instructions and during that hearing, this Court opined (and paraphrasing such comments) that the Appellants "have the right of first refusal concerning any sale of the Property"".

property "under the same terms and conditions as the winning bidder after the auction process has determined the fair market value." In re Hat, 310 B.R. 752, 760 (Bankr. E.D. Cal. 2004).

In the instant case, if the Motion was granted, a sales procedure would be installed and 'morph' the Appellants' rights of first refusal into becoming part of the process for determining the market price of the Property itself, making the Appellants little more than other bidders involved in the sale process. This would arguably eviscerate the clear and undisputed meaning of 11 U.S.C. §363(i). The practical effect is that the Appellants would no longer truly have the ***last chance*** (emphasis provided) to purchase the Property. In addition, despite the Appellee's suggestions, the process would likely result in a ***lower*** (emphasis provided) market price for the Property.

In the typical bidding procedure under 11 U.S.C. §363(h), each bidder has knowledge that the co-owner may choose to exercise their Section 363(i) rights. Therefore, it makes sense that a bidder would submit the highest amount that they could afford, with the goal of assuring that they would be submitting an offer above any amount that the co-owner would consider matching. Under the procedure set forth in the Motion, a bidder would have no reason to submit such a bid as set forth in the preceding sentence, as the bidder would always be entitled to 'a second bite of the apple.' Instead of safely over-bidding the presumed amount, the Appellants would effectively be in a bidding strategy that would commence being significantly underbidding any value for the property until the matching bids reached the value that the property was worth not according to the market, but to the co-owner.

Attention should be drawn to the cases cited by the Appellee in his proposed departure from the typical 11 U.S.C. §363(h) bidding process. Specifically, in the matter In re Fehl, 19 B.R. 310 (Bankr. N.D. Cal. 1982), after the co-owner exercised her Section 363(i) rights, the

bankruptcy court for the Northern District of California refused to confirm the sale because there was evidence of collusion with another bidder which "clearly depressed the value of the property." Id. A similar situation arose in In re Hat, 310 B.R., at 757.

As this Court is aware, there has been no instance in which the Appellee has alluded to any evidence of collusion among the Appellants and any potential bidder of the Property, including but not limited to Brown University. This lack of evidence, by itself should preclude any drastic departure from the traditional bidding process envisioned by the Bankruptcy Code and memorialized in Paragraph 5h. of the Motion.

It should be noted that even where the parties freely admit their own impermissible collusion, bankruptcy courts will still permit the co-owners involved to retain their §363(i) rights of first refusal. See In re Fehl, 19 B.R., at 312; In re Hat, 310 B.R. at 760-761.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

For the reasons set forth hereinabove, the Appellants respectfully request that this Court schedule and conduct a hearing on the Motion to amend it to provide for the sale process of the Property to be consistent with those pertinent provisions of 11 U.S.C. §363.[2]

Respectfully Submitted,
Appellants,
By Their Attorneys,

/s/ Richard A. Licht
Richard A. Licht
Tillinghast Licht LLP
10 Weybosset Street, Suite 1000
Providence, Rhode Island 02903
(401) 456-1200; (401) 456-1210 (fax)
rlicht@tllaw.com
Dated: November 15, 2007

[2] The Appellants call this Court's attention to their appeal of the Bankruptcy Court's order authorizing the Appellee to sell the Property, which issue is in the process of being briefed to this Court.

/s/ William J. Delaney
William J. Delaney (#3643)
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, Rhode Island 02903
(401) 272-5520; (401) 272-5501 (fax)
Wdelaney@rc-legal.com
Dated: November 15, 2007

CERTIFICATION

I hereby certify that on the 15th day of November, 2007, a copy of the within was caused to be sent either electronically through the CM/ECF system or by first class mail, postage prepaid to the following:

Joseph M. DiOrio, Esq.
Gardner H. Palmer, Jr., Esq.
10 Dorrance Street
Providence, RI 02903

/s/William J. Delaney

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;453780;1