UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| 56 ASSOC., A Rhode Island Limited Liability Partnership and 57 ASSOC., A Rhode Island Limited Liability Partnership, Appellants | : | |
| v. | : | Case No. 1:07-CV-00222-RL |
| JOSEPH M. DIORIO, CHAPTER 7 Trustee OF ARNOLD KILBERG, Appellee | : | |

MOTION FOR RECONSIDERATION AND MEMORANDUM IN SUPPORT THEREOF

NOW COME the Appellants in the above-captioned matter and hereby seek from this Honorable Court reconsideration of its order (the "Order") granting Appellee's Motion for Order Approving Bid and Auction Procedures for Sale of Debtor's Real Estate Pursuant to Bankruptcy Code Section 363(h) (the "Motion"). On November 27, 2007, this Court held a hearing (the "Hearing") on the Motion; the Appellants objected to the Motion on the limited ground that the Motion set forth a bidding procedure which the Appellant believed to be inconsistent with those pertinent provisions of 11 U.S.C. §363 (i).

Counsel for each of the parties presented oral argument, and the Court, following the close of argument, rendered its decision granting the Motion.

Without the benefit of reviewing a transcript of the Hearing, counsel to the Appellants took notes during Appellee's oral argument as well as of the comments during this Court's

rendering of its decision granting the Motion. Counsel to the Appellants believes that, in paraphrasing, the Appellee and this Court, believed that in the best interest of the bankruptcy estate in providing competitive bidding for the sale of the property at issue (the "Property"), the Appellant would be required to participate in the bidding process for the Property. Therefore, the Court granted the Motion.

Respectfully, while in theory, the Appellants concur that the Appellee has the obligation to maximize the return/benefit to the bankruptcy estate of the debtor, 11 U.S.C. §363(i) does not require the non-debtor co-owners of property of the Debtor's bankruptcy estate to involve themselves in the bidding process for the property prior to the consummation of its sale. The non-debtor co-owner is allowed the right of 'first refusal' and not 'last refusal.'

The sale of the Property was ordered by the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") pursuant to 11 U.S.C. §363(h); that section does not provide any requirement for the actual bidding procedure for the sale of an asset of the bankruptcy estate of any debtor. The procedure set forth in the Motion and accompanying papers follows the normal course of attempting to maximize the value of an asset of a debtor's bankruptcy estate as referenced by the Appellee at the Hearing under 11 U.S.C § 363 (b).

However, absent a reversal of the Bankruptcy Court's order authorizing the Appellee to sell all of the rights, title and interest in the Property, which order is the basis of the instant appeal, the anticipated sale of the Property should not involve the Appellants any further than being able to exercise their first refusal rights under 11 U.S.C. § 363 (i). Respectfully, if the drafters of the United State Bankruptcy Code anticipated involving the non-debtor co-owner of property anticipated to be sold under 11 U.S.C. §363 in that sales process, then such language would have been included in 11 U.S.C. §363 (i) or alternatively, the 'right of first refusal would

be labeled 'right of last refusal.' If such language was present, then arguably, the Appellants would not have objected to the Motion.

In conclusion, the Appellants respectfully request this Court to reconsider its decision granting the Motion and refer this Court to the legislative history at H.R. Rep. No. 595, 95th Cong., 1st Sess. at 177, *reprinted in* 1978 U.S.C.C.A.N. 5787, 6137:

> "Subsection (i) provides protections for co-owners and spouses with dower, curtesy or community property right. It gives a right of first refusal to the co-owner or spouse at the price which the sale is to be consummated."

Respectfully Submitted,
Appellants,
By Their Attorneys,

/s/ Richard A. Licht
Richard A. Licht
Tillinghast Licht LLP
10 Weybosset Street, Suite 1000
Providence, Rhode Island 02903
(401) 456-1200; (401) 456-1210 (fax)
rlicht@tllaw.com
Dated: December 2, 2007

/s/ William J. Delaney
William J. Delaney (#3643)
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, Rhode Island 02903
(401) 272-5520; (401) 272-5501 (fax)
Wdelaney@rc-legal.com
Dated: December 2, 2007

CERTIFICATION

I hereby certify that on the 2nd day of December, 2007, a copy of the within was caused to be sent either electronically through the CM/ECF system or by first class mail, postage prepaid to the following:

Joseph M. DiOrio, Esq.
Gardner H. Palmer, Jr., Esq.
10 Dorrance Street
Providence, RI 02903

/s/William J. Delaney