**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

56 ASSOC., a Rhode Island Limited Partnership and
57 ASSOC., a Rhode Island Limited Partnership,
Appellants,

v. Case No. 07-00222-L

Joseph M. DiOrio, Chapter 7 Trustee of Arnold Kilberg,
Appellee.

**APPELLEE'S OBJECTION TO APPELLANTS' MOTION FOR RECONSIDERATION OF ORDER APPROVING BID AND AUCTION PROCEDURES FOR SALE OF DEBTOR'S REAL ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 363(h)**

Appellee, Joseph M. DiOrio, Chapter 7 Trustee of the bankruptcy estate of Arnold Kilberg (the "Trustee"), objects to the motion by which Appellants ask the Court to reconsider its Order approving bid and auction procedures for the Trustee's sale of 165 Angell Street, Providence, Rhode Island (the "Property"). Appellants' motion raises no new facts, law or issues, and misconstrues the tenor of the Trustee's requested procedures and the Court's Order.[1]

Appellants suggest in their motion that the Court believes that Appellants would be *required* to participate in the bid process for the Property. The Trustee's requested procedures did not ask the Court to *require* Appellants to bid on the Property, nor did the Court so order. Rather, the Court's Order contemplates that, *if* Appellants are interested in acquiring the Property, either or both of them *may* participate as bidders with *each* of them retaining the right to match the final and highest offer pursuant to 11 U.S.C. §363(i). *If* either Appellant at any point in the process matches a bid, other participants will have the opportunity to submit a higher bid and each Appellant can again match the current bid until the highest price is obtained. This

1 Granting a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortgage***,** 465 F.3d 24, 30 (1st Cir. 2006) ("To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law.").

process insures that *all* interested purchasers have an opportunity to fairly compete for the Property and creates the greatest likelihood that the Property is sold for its fair market value. The approved process insures both that the estate receives the highest price reasonably attainable *and* that the co-owner(s) always have the right to match the current high bid, thus preserving their §363(i) rights.[2]

There is nothing in §363(i) which suggests that non-debtor co-owners have a right to purchase co-owned property at anything *less* than the highest price the property can garner through competitive bidding or some other approved sale process. The fact that §363(i) rights have sometimes been called rights of *first* refusal, rather than the more accurate right of *last* refusal is unfortunate, but does not change the language of the statute itself. That language simply calls for the Property to be offered to the co-owner(s) "[*b*]*efore the consummation of a sale* of property to which subsection (g) or (h) of this section applies … at the price at which such sale is to be consummated (emphasis added)." The Court-approved process does just that, simultaneously protecting the integrity of the bankruptcy process, promoting the best interests of the estate and preserving the §363(i) rights of the co-owners.

The Trustee respectfully asks the Court to deny Appellants' Motion for Reconsideration.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

---

[2] It bears noting that §363(i) must contemplate scenarios where co-owners are bidders subject to being overbid, while still retaining their right to match the high bid. Otherwise, in cases where there are two or more non-debtor co-owners, like this one, the statute would not properly preserve *all* co-owners' refusal rights. Unless a co-owner could be overbid, how else could one determine which of two or more co-owners was entitled to purchase the property pursuant to §363(i) if each co-owner independently wished to exercise its §363(i) match right? Obviously, such a situation would most appropriately be resolved by competitive bidding. There is no principled reason why this or any other case should not be resolved in the same way since the result is a sale to either a non-owner high bidder or an owner high bidder - in either case, at the best value for the estate.

Joseph M. DiOrio, Chapter 7 Trustee of
Arnold Kilberg
By his Attorneys,

/s/ Gardner H. Palmer, Jr.
Joseph M. DiOrio (#2616)
Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903
401 632-0911 / Fax: 401 632-0751
jmdiorio@dioriolaw.com
ghpalmer@dioriolaw.com

Date: December 3, 2007

**CERTIFICATION**

I hereby certify that on the 3rd day of December, 2007, a copy of the within Appellee's Objection to Motion For Reconsideration of Order Approving Bid and Auction Procedures for Sale of Debtor's Real Estate Pursuant to Bankruptcy Code Section 363(h) was sent electronically and/or through the CM/ECF system to: wdelaney@rc-law.com and rlicht@tllaw.com.

/s/ Gardner H. Palmer, Jr.