UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| 56 ASSOC., A Rhode Island Limited Liability Partnership and 57 ASSOC., A Rhode Island Limited Liability Partnership, Appellants | : | |
| v. | : | Case No. 1:07-CV-00222-RL |
| JOSEPH M. DIORIO, CHAPTER 7 Trustee OF ARNOLD KILBERG, Appellee | : | |

**MOTION FOR STAY PENDING APPEAL AND MEMORANDUM IN SUPPORT THEREOF**

NOW COME the Appellants in the above-captioned matter and pursuant to Rule 62(d) of Rules of Civil Procedure and Rule 8005 of the Bankruptcy Rules, hereby move this Court for a stay of all actions currently affecting the Property (as hereinafter defined) pending before the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court"). In addition, the Appellants also move this Court to schedule a hearing on calculating the amount of a supersedeas bond (the “Bond”) for the Appellants to post herein.

In support of their motions, the Appellants respectfully submit that if a stay of all proceedings in the Bankruptcy Court is not granted by this Court, the Appellants shall be irreparably harmed concerning certain actions which may impact the Appellants' ownership interest in that certain piece of commercial real estate located at 165 Angell Street, Providence, Rhode Island (the "Property"). Further, insofar as the Appellants possess the wherewithal to post the Bond, they request this Court, should the motion for stay be denied short of a bond, to

schedule a hearing to determine the amount of the Bond, subject to the points referenced hereinbelow.

**TRAVEL**

The Property is owned by the Appellee in his capacity Trustee of the Estate of Arnold Kilberg and each of the Appellants. The Appellee holds an undivided fifty percent interest in the Property and each of the Appellants holds an undivided twenty-five percent interest in the Property.

On June 14, 2007, the Bankruptcy Court entered an order granting the Appellee's Request to Conduct a Section 363(h) Sale Pursuant to Provisions of the United States Bankruptcy Code (the "Order"). In the Order, the Bankruptcy Court presumed that the Appellants would have filed a motion for stay pending appeal in the Bankruptcy Court and denied *sua sponte* said motion. See, Order, at pp. 5-6. The Defendants did not agree with the findings of the Bankruptcy Court as set forth in the Order. Therefore, on June 16, 2007, the Appellants filed the instant appeal to this Court. Briefs have been filed by each of the parties and oral argument is scheduled for Tuesday, December 18, 2007.[1]

**ARGUMENT**

THE TIMING OF THE INSTANT MOTION
FOR STAY PENDING APPEAL IS APPROPRIATE AT
THIS JUNCTURE; THE PROPERTY HAS NOT YET BEEN SOLD

Technically speaking, at this particular point of the Appellants appeal, the filing of the motion for stay may be considered premature because the Property has not been sold; if it had

[1] The New Hampshire Bankruptcy Court had entered an order staying the activities of a creditor from proceeding against its collateral, notwithstanding that Court's pronouncement that the appellant had a 'substantial case' on

been prior to the filing of the instant motion, the appeal would be moot. See, In re Whistler Corporation of Massachusetts, 243 B.R. 573 (Bankr. E.D. Mass. 2000) (hereinafter, "Whistler"); In re Soares, 187 F. 3d 623 (1st Cir. 1998); In re Battros, 175 B.R. 213 (Bankr. W.D. Tex. 1994); In re Matos, 709 F. 2d 864, 865 (11th Cir. 1986).

During the pendency of this appeal, and specifically at hearings before the Court, the Appellee has noted that the Appellants have not previously filed a request for a stay. The Appellants believe that until December 4, 2007, when this Court entered the order granting the Appellee's Motion to Approve Bid and Auction Procedures (the "Sale Auction Order"), there was no cause for concern as to filing the instant motion. However, the entry of the Sale Auction Order and the impending oral argument gave rise to Appellants' concerns to file the instant motion. The Appellants could not risk a decision entered by the Court immediately following oral argument denying their appeal and otherwise dismissing the case.

In Whistler, an order was entered by the United States Bankruptcy Court for the District of Massachusetts authorizing the sale of the debtor's assets free and clear of a creditor's pat infringement claims, and the creditor appealed. The creditor took an appeal to the United States District Court for the District of Massachusetts. On a motion to dismiss that appeal for the creditors' failure to obtain a stay pending appeal, the United States District Court for the District of Massachusetts held that the appeal was moot and had to be dismissed.

> "Absent a stay, the Court must dismiss a pending appeal as moot because the Court has no remedy that it could fashion even if it would have determined the issues differently." Whistler, at 574; See also In re Stadium Mgmt. Corp., 895 F. 2d 845, 847 (1st Cir. 1990)."

---

appeal. That court opined that the 'questions involved and raised on appeal are not frivolous, but do represent arguments and issues that could result in a reversal." In re Queen, 121 B.R. 1 (Bankr. D.N.H. 1990).

Whistler and the other cited case deal with those pertinent provisions of 11 U.S.C. §363(m) of the Bankruptcy Code, which states:

> "The reversal and modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the tendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."

The general rule of Section 363(m) is that the failure of the Appellant to stay the Subsection (b) Bankruptcy Sale to a "good faith" purchaser pending its appeal precludes the Appellant review of the Bankruptcy Court's Sales Order upon which the Subsection (b) sale was based. See, Jeremiah v. Richardson, 148 F. 3d. 17, 23 (1st Cir. 1998); In re Mark Bell Furniture Warehouse, Inc., 992 F. 2d 7, 8 (1st Cir. 1993).

In addition, the Appellants refer this Court to the Sale Auction Order and the establishment of the January 25, 2008 Sale Auction of the Property for their contention that until the sale of the property is consummated, the need for the filing of the instant motion is tempered. Presumably, following oral argument next week, the Court will take the matter under advisement; however, if, following argument, the Court determines it unnecessary to issue a written opinion and rules adversely against the Appellants from the bench, denying the appeal and dismissing the case, the Appellants believe that the filing of the instant motion is indeed timely. Alternatively, if the Court does not issue its decision in advance of the January 25, 2008 Sale Auction for the Property, a significant progress towards the sale of the Property will have occurred.[2]

[2] The Appellants are also aware of their rights under 11 U.S.C. § 363 (e) to exercise their rights to purchase the Property prior to any consummation of the sale of the Property.

In light of the foregoing, the Appellants respectively request that this Court stay any and all proceedings until it renders a decision on the parties' briefs and oral arguments.

## THE APPELLANTS ARE ENTITLED TO A STAY PENDING APPEAL

## THE COURT NEEDS TO CONSIDER THE DICHOTOMY OF APPEAL AS TO INJUNCTIVE CONTEXT IN DETERMINGING THAT THE APPELLANTS' REQUEST FOR RELIEF IN THE FORM OF A STAY IS WARRANTED

One of the traditional underpinnings in seeking a stay is to focus on the factors required to be resolved on any request for injunctive relief: likelihood of success on the merits, irreparable injury to the appellant absence of harm to the applicant and public interest. 6 Wm. L. Norton, Jr., Bankr. L. & Prac. § 148.60 (2d ed. 2007). The Appellants submit that the traditional underpinnings are inappropriate under the circumstances of appeals.

## THE APPELLANTS WILL BE IRREPERABLY HARMED IF THEIR MOTION FOR STAY IS DENIED

The Appellants have previously quoted Will Rogers adage to "[B]uy land…they ain't making any more of it…" The Property is the sole parcel of real estate in its general locus that is not owned by Brown University ("Brown"); Brown has forwarded the Appellee an offer to purchase the Property which will have the effect of bringing the total ownership of the Angell Street within the block of the Property to Brown. If the sales process of the Property is permitted to continue prior to the issuance of a decision on the Appellants' appeal, the Appellants will be divested of their ownership interest in the Property and therefore, become irreparably harmed.

## THE GRANTING OF THE MOTION FOR STAY IS THE EXCLUSIVE REMEDY AVAILABLE TO THE APPELLANTS

Monetary damages cannot provide a satisfactory/adequate remedy to the Appellants; the impact of affirming the Order operates to cause a taxable event triggering capital gains treatment of the Appellants' ownership interests in the Property. While the Appellants are aware of their ability to defer their tax liability though a '1031 Exchange' nevertheless, they are being forced not only to involuntarily transfer their interests in the Property but to absorb the tax consequences of such a transfer.

## THE NEW HAMPSHIRE BANKRUTPCY COURT HAS DEEMED 'POSSESSING A SUBSTANTIAL CASE' MORE RELEVANT IN THE ISSUE OF DISTINGUISHING THE APPEAL CONTEXT AS TO THE INJUNCTIVE CONTEXT IN DELIBERATING WHETHER THERE IS A LIKLIHOOD OF SUCCESS ON THE MERITS IN GRANTING A MOTION FOR STAY

If the Court deems the traditional injunctive context to govern whether the Appellants have met their burden to obtain a stay, the Appellants may not be able to prevail. However, if the Court deems to practicalities of what an appeal is all about, the Appellants submit that they meet the standard on obtaining a stay. In support of their position, the Appellants refer the Court to a decision of the United States Bankruptcy Court for the District of New Hampshire for guidance in deliberating their motion for stay.

A creditor in the matter In re Queen, 121 B.R. 1 (Bankr. D.N.H. 1990) obtained relief from stay; the debtor moved to stay the creditor's actions to assert its rights against the collateral of the debtor's estate in which the creditor had an interest. The debtor moved for a stay pending appeal.

The New Hampshire Bankruptcy Court granted the debtor's motion for stay. The Honorable James E. Yacos on the issue of weighing the factor of 'likelihood of success on the merits' held:

> "This case presents a novel question with regard to the "likelihood of success on the merits" factor that is normally applied with regards to grant of stay pending appeal. This Court in In re PSNH, 116 B.R. 347 (Bankr. D.N.H. 1990) ruled that the likelihood of success on the merits factor, while appropriate for preliminary injunctive relief, should not be applied literally in the appeal context." Queen, at 1.

On the issue of distinguishing the appeal context as to the injunctive context, Yacos commented:

> "As I noted there (in PSNH), I am taking a position at variance with all the reported cases but I felt constrained to do so there, and feel constrained to do so here, because the merits factor, in the appeal context as contrasted with the injunctive context, cannot logically require a strict showing of success on appeal if that factor is to be interpreted as a finding by this Court that the appellant is more likely than not to prevail and secure a reversal on the Order on appeal.

Judge Yacos concluded:

> "In my judgment, this appellant is not more likely than not to have my Order reversed, but I do think appellant has a "substantial case" on appeal, since the questions involved and raised on appeal are not frivolous, or arguments that have no substance to them, but do represent arguments and issues that could result in a reversal…."

Judge Yacos granted the debtor's motion for stay and further required the debtor as a form of supersedeas protection that the debtor resumes payments to the creditor during the pendency of the appeal. Id., at 2.

The Appellants believe their appeal is not frivolous; they further believe they have a substantial case. They have vigorously/strenuously argued before the Bankruptcy Court and this Court that the sale of the entire interests in the Property is inconsistent with the Bankruptcy

Code. They intend to once again assert these points at oral argument on December 18, 2007. They submit that their arguments have merit and are capable of persuading this Court to reverse the decision of the Bankruptcy Court. Therefore, based on Queen, the Appellants believe they have met their burden for the Court to grant their motion for stay.

## COLLATERALIZING THE SUPERSEDEAS BOND

Federal Rule of Civil procedure 62 (d), applicable to bankruptcy cases pursuant to Bankruptcy Rules 7062 and 9014, requires the court to stay an order pending appeal if the appellant gives sufficient monetary security in the form of a supersedeas bond. 6 Wm. L. Norton, Jr., Bankr. L. & Prac. § 148.59 (2d ed. 2007); See also, Bankr. R. 8005 (stay pending appeal may be conditioned upon filing of bond or other security; Fed. R. App. P. 8 (same). Thus, an appellant need not show irreparable injury or probable success on the merits to obtain a stay pending appeal if a proper supersedeas bond is posted. Id.

The purpose of a supersedeas bond is to indemnify the party who is successful in the Bankruptcy Court against loss caused by the attempt to gain a reversal in the Appellate tribunal. 9 Wm. L. Norton, Jr., Bankr. L. & Prac. Fed. Bankr. P. R. 8005 (October 2007); Matter of Theatre Holding Corp, 22 B.R. 884, 885 (Bankr. S.D. N.Y. 1982). During the trial, the value of the Property was the subject of the parties' expert testimony at between $1.7 to $2.1 million dollars; in its decision, the Bankruptcy Court stated that the Property had a values of at least

$650,000.00. [3]

The Appellants have the financial wherewithal to post a bond irrespective of the outcome of their motion for stay; they respectfully request that in lieu of having to obtain a bond by paying a premium for same, they be permitted to post their interest in the Property in an amount to be determined by this Court.

On August 10, 2007, the Bankruptcy Court entered an Order Regarding Posting of Supersedeas Bond for Stay of June 29, 2007 Order (the "August Order"), which authorized the Appellants, in the event the Bankruptcy Court's order of June 29, 2007 is stayed pending appeal, they could post their interests in the Property to collateralize their bond pending appeal. The August Order germinated from the Appellee's request for fees and expenses associated with his attempts to market the Property. See, August Order, p. 1. Pursuant to the August Order, the Appellants would be further enjoined from otherwise selling, transferring, conveying, alienating or encumbering all or any part of their interest in the Property without further order of the Bankruptcy Court. Id. The Property is currently, with the exception of the Order, free of any encumbrances in the form of mortgages thereon.[4] As previously referenced, the Order denied the Appellants a stay pending appeal in the instant matter; there was no hearing on a supersedes bond for the Appellants timely filed their notice of appeal.

---

[3] Presuming the current offer to purchase the Property-$1.7 million dollars-is the ultimate sales price, the Appellants would be entitled to approximately $850,000.00, which is more than the Appellee will net from the sale of the Property (as he will have to pay, among other things, commissions on the sale of his interest in the Property).

## CONCLUSION

The Property has not been sold. Oral arguments are scheduled to occur within the next few days. The appeal is not frivolous; the Appellants truly believe that the Bankruptcy Court erred in entering the Order. The risks associated with the Court dismissing the appeal following oral argument must be considered by the Appellants and have resulted in the filing of this pleading.[5] Given the magnitude of the arguments to be made to this Court, it is now incumbent upon the Appellants to seek the instant relief set forth in this pleading. They also believe they have met the burden to have a stay ordered by the Court. The Appellants have, through their equity position in the Property, the means by which to secure any issues of the Appellee over continuing the appeal.

Based upon the foregoing, the Appellants respectfully submit that it is appropriate for this Court to stay all proceedings until it renders a decision following oral argument. In addition, the Appellants are willing to post the Bond if the Court either denies the motion for stay or grants the motion but conditions the stay on posting the Bond. However, the Appellants respectfully request this Court consider confirming the spirit/scope/tenor of the August Order and extending its import to this matter and permit them to post the Bond by collateralizing their entire interests in the Property in this proceeding as well as the two other matters currently pending before this Court.

---

[4] The Appellee has certain fees and expenses, including commissions, which will be required to be paid should the Property eventually be sold.

[5] The Appellants acknowledge that if the appeal is denied and the case is dismissed, then jurisdiction of the matter would revert to the Bankruptcy Court.

Respectfully Submitted,
Appellants,
By their Attorneys,

/s/ Richard A. Licht
Richard A. Licht
Tillinghast Licht LLP
10 Weybosset Street, Suite 1000
Providence, Rhode Island 02903
(401) 456-1200; (401) 456-1210 (fax)
rlicht@tllaw.com
Dated: December 16, 2007

/s/ William J. Delaney
William J. Delaney (#3643)
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, Rhode Island 02903
(401) 272-5520; (401) 272-5501 (fax)
wdelaney@rc-legal.com
Dated: December 16, 2007

CERTIFICATION

I hereby certify that on the 16th day of December, 2007, a copy of the within Motions and Memoranda was caused to be sent electronically through the CM/ECF system to the following: Joseph M. DiOrio, Esq. and Gardner H. Palmer, Esq.

/s/William J. Delaney

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;450067;1